FILED '09 APR 10 13:14 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVANGELOS D. SOUKAS,

        Petitioner,        Civil No. 008-867-TC

        v.        FINDINGS AND
                RECOMMENDATION

J.E. THOMAS,

        Defendants.

COFFIN, Magistrate Judge.

    Petitioner, a federal prisoner housed at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 seeking an order to immediately transfer him to the custody of the state of Washington so that he can serve a pending state sentence prior to the completion of his federal sentence. Petitioner argues

1 - FINDINGS AND RECOMMENDATION

that because his state sentence pre-dated his federal sentence, he is entitled to serve his state sentence first.

It is well settled that federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus. Huang v. Ashcroft, 390 F.3d 1118, 1123 (9 th Cir. 2004); Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1986).

In this case, petitioner failed to exhaust his administrative remedies with respect to his claim herein prior to seeking relief under 28 U.S.C. § 2241. Respondent's Exhibit 1, attachment 11. In fact, petitioner failed to pursue any administrative remedies under the BOP's Administrative Remedy Program. Id.

Failure to exhaust is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), cert. denied sub nom, Alamedia v. Wyatt, 540 U.S. 810 (2003). If the court concludes that the inmate has failed to exhaust, the proper remedy is dismissal of the claim without prejudice. Id., at 1120.

However, for the reasons set forth below, petitioner's claim in this proceeding should be denied on the merits with

2 - FINDINGS AND RECOMMENDATION

prejudice.

The facts giving rise to petitioner's claim are as follows: In September, 1999, petitioner was sentenced by the state of Washington for three class C felony convictions. Respondent's Exhibit 1, Attachment 13. Petitioner was released from custody and ordered to report to authorities at the start date of his sentence. Petitioner never appeared as ordered and never served any part of his state sentence. Id.

On February 17, 2005, petitioner was indicted in the United States District Court for the Western District of Washington for Conspiracy to Commit Wire Fraud and Mail Fraud in violation of 18 U.S.C. § 371, and related offenses. Respondent's Exhibit 1, Attachment 1. At the time of the indictment petitioner had fled the United States and was residing in Cyprus. Respondent's Exhibit 1, Attachment 4. The District Court issued an arrest warrant for petitioner. Respondent's Exhibit 1, Attachment 2.

On January 14, 2005, petitioner was detained by Cypriot authorities and On March 25, 2005, the United States Marshals Service executed the arrest warrant and placed petitioner in their custody. Respondent's Exhibit 1, Attachment 4.

On August 8, 2005, petitioner pled guilty to the federal

3 - FINDINGS AND RECOMMENDATION

indictment, Exhibit 1, Attachment 5, and on December 19, 2005, he was sentenced to a 92-month term of imprisonment. Exhibit 1, Attachment 6. Because petitioner was already in federal custody, his federal sentence commenced the day of sentencing. Respondent's Exhibit 1, Attachment 14. The BOP applied prior custody credit to petitioner's sentence from January 14, 2005, the date of his arrest in Cyprus, through December 18, 2005, the date prior to the commencement of his federal sentence. Respondent's Exhibit 1, Attachments 4, 8 & 9.

Petitioner acknowledges that his state and federal sentences are to run consecutively. He argues, however, that because his state sentence was imposed first, the state has "primary jurisdiction" over him and the state sentence must be served before the federal sentence.

As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration. Thomas v. Brewer, 923 F.2s 1361, 1365 (9th Cir. 1991). However, intervening events may cause the loss or transfer of jurisdiction by a sovereign. For example, the osvereign with priority of jurisdiction may elect to relinquish it through bail release, dismissal of charges, or parole release. Id. In this case, petitioner's escape from

4 - FINDINGS AND RECOMMENDATION

state custody acted as an intervening event impacting the state's jurisdiction. See, Fisher v. Holinka, 2008 U.S. Dist. LEXIS 43652, at *6 (W.D. Wis. June 3, 2008); Collins v. United States, 1992 U.S. Dist. LEXIS 6947, *6 (D. Kan. April 15, 1992); Hawkes v. United States Marshals, 2008 U.S. Dist. LEXIS 78485, *6-7 (D. Kan. August 27, 2008).

In this case, petitioner escaped from state custody before he began serving his state sentence. Five years after his state sentence was scheduled to commence, a federal indictment was issued against him. Cypriot authorities detained petitioner and turned him over to U.S. Marshals pursuant to a federal warrant for his arrest. Thus, federal authorities obtained primary jurisdiction through the capture and arrest of petitioner on federal charges. Thomas v. Brewer, supra, 923 F.2d at 1365.

Petitioner's argument that the state of Washington retained primary jurisdiction over him despite his escape and subsequent arrest by federal authorities is further undermined by the fact that the state has not challenged federal jurisdiction over petitioner. Respondent's Exhibit 1, Attachment 13. Generally, the issue of priority of custody

5 - FINDINGS AND RECOMMENDATION

between state and federal sovereigns "is a matter of comity to be resolved by the executive branches of the two sovereigns." <u>United States v. Warren</u>, 610 F.2d 680, 684 (9th Cir. 1980).

Based on all of the foregoing, petitioner is not entitled to the relief he seeks in this proceeding. Petitioner's Petition (#2) should be denied on the merits, with prejudice. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

/////

/////

6 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this _10_ day of ~~March~~ April, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION